UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERALD R. SALMANS, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-2228 |
| | § | |
| ARTHUR J. GALLAGHER & CO. and | § | |
| ARTHUR J. GALLAGHER RISK MANAGEMENT | § | |
| SERVICES, INC., | § | |
|     *Defendants.* | § | |

### MEMORANDUM AND ORDER

Plaintiff Gerald Salmans's motion to dismiss (Dkt. 22) is denied. Assuming that the plausibility pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) applies to the pleading of affirmative defenses (an issue this court does not decide), the defendants' amended answer sets forth sufficient facts to make plausible their affirmative defenses of waiver, estoppel, offset, accord and satisfaction, parole evidence, and at-will employment. *See* Dkt. 23 at 3 ¶¶ 1, 6, 7.

The court is puzzled, however, by the defendants' labeling as "defenses" the "doctrines of unjust enrichment, common law indemnity, contribution, breach of fiduciary duty, fraud, breach of contract, and recoupment." *Id.* at 5 ¶ 9. These are not defenses, but counterclaims seeking affirmative relief. The court therefore orders the defendants to re-file their amended answer with these causes of action either omitted or clearly identified as counterclaims so that the plaintiff may

answer them. *See* FED. R. CIV. P. 8(c)(2) (court may treat a wrongly-labeled defense as a counterclaim and "impose terms" for designating it correctly), 7(a)(3) (a party may only file "an answer to a counterclaim designated as a counterclaim"). This amended answer is due by August 24, 2009.

    Signed at Houston, Texas on August 17, 2009.

                                          Stephen Wm Smith
                                      United States Magistrate Judge